# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

FEDERAL HOME LOAN MORTGAGE §
CORPORATION §
§
V. § CASE NO. 4:14cv549
§ Judge Mazzant
§
WILLIAM ADDISON and ALL §
OCCUPANTS §

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Plaintiff's Motion to Remand Proceeding and Request for Injunctive Relief Prohibiting Future Filings Related to the Subject Property (Dkt. #5). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted.

On August 21, 2014, Defendant removed this case to this Court, asserting that removal was proper based upon diversity of citizenship. On September 3, 2014, Plaintiff filed a motion to remand (Dkt. #5). On September 18, 2014, Defendant filed a response (Dkt. #6). On September 30, 2014, Plaintiff filed a reply (Dkt. #8). On October 17, 2014, Defendant filed a sur-reply (Dkt. #9).

Because the Court finds that Defendant violated the "no forum defendant rule" because Defendant is a citizen of Texas, the case should be remanded to state court.

Title 28, section 1441 of the U.S.C., the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the action is pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). A

---

[1]

On October 29, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly.

federal district court possesses original jurisdiction if the parties could have initially filed in federal court pursuant to 28 U.S.C. §§ 1331-1334. Title 28, section 1332(a) of the U.S.C. confers jurisdiction on district courts over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For jurisdiction to exist under section 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). As a general rule, the burden of proving that federal jurisdiction exists falls on the removing party. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Section 1446 establishes the procedures by which a defendant may remove a suit filed in state court to federal court. *See* 28 U.S.C. § 1446. A notice of removal must normally be filed within thirty (30) days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty (30) days of service of summons if the state's rules of procedure do not require the defendant to be served, whichever period is shorter. 28 U.S.C. § 1446(b). Similarly, 28 U.S.C. § 1447 establishes the procedures following removal. Specifically, section 1447 provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal...." 28 U.S.C. § 1447(c). In contrast, if a court finds that it lacks subject matter jurisdiction, the court must remand the case, even if the thirty (30) days have passed. *Id.*

Plaintiff seeks to remand the instant cause to state court, arguing in part that removal was inappropriate based upon a lack of establishing diversity jurisdiction.

Section 1441(b) provides that any civil action over which district courts have original jurisdiction solely through section 1332, diversity of citizenship, is not removable if a defendant is

a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b). This is often referred to as the "forum defendant rule." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009). The Fifth Circuit has determined that this rule is procedural and not jurisdictional. *See id.* at 392. Accordingly, the forum defendant rule can be waived if a party does not object to removal within the requisite thirty (30) days. *Id.* at 395; *In re Shell Oil Co.*, 932 F.2d 1523, 1529 (5th Cir. 1991); *see* 28 U.S.C. § 1446(b).

In this case, the Defendant is a citizen of Texas. Thus, removal of this case violates section 1441(b), and Plaintiff timely filed a motion to remand. Therefore, this case should be remanded.

In addition, Plaintiff requests that the Court grant injunctive relief. The Court declines that request. However, the Court warns all Defendants and occupants that any further attempts to remove this case will result in the Court holding a hearing to determine whether Defendant and/or Jason Rose should be sanctioned.

## **CONCLUSION**

Based upon the findings and legal analysis discussed above, the Court finds that Plaintiff's Motion to Remand Proceeding and Request for Injunctive Relief Prohibiting Future Filings Related to the Subject Property (Dkt. #5) is **GRANTED** and the case is **REMANDED** to County Court at Law #1, Collin County, Texas, under Cause No. 001-01852-2013. All additional relief is DENIED.

**SIGNED this 20th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE